ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINKO MIHAYLOV, Individually and on Behalf of All Others Similarly Situated, <br><br>                              Plaintiff, <br><br>       vs. <br><br> TATTOOED CHEF, INC., et al., <br><br>                              Defendants. | Case No. 2:22-cv-09311-GW-E <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL <br><br> DATE:    Thursday, March 23, 2023 <br> TIME:    8:30 a.m. <br> CTRM:    9D <br> JUDGE:  Hon. George H. Wu |

4857-8404-0530.v1

## I.    INTRODUCTION

Pending before this Court is a securities class action lawsuit on behalf of purchasers of Tattooed Chef, Inc. ("Tattooed Chef" or the "Company") securities between March 20, 2021 and October 12, 2022 (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("1934 Act") against the Company and two of its senior executive officers.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Viktor Grigorescu, Gyrosol V. Johnston, Dan Kogan, and Kogan Holdings Limited (collectively, the "Tattooed Chef Investor Group") should be appointed Lead Plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Tattooed Chef Investor Group's selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

Tattooed Chef is a plant-based food company that offers sourced plant-based food products that are available in national retail food stores as well as on its e-commerce site. The Company's shares trade on the NASDAQ under the ticker symbol TTCF.

The complaint alleges that throughout the Class Period, defendants (Tattooed Chef and certain of its top executives) made false and/or misleading statements and/or failed to disclose that: (i) Tattooed Chef continuously downplayed its serious issues with internal controls; (ii) the Company's financial statements from March 31, 2021 to

- 1 -

4857-8404-0530.v1

the present included "certain errors" such as overstating revenue and understating losses; and (iii) as a result, Tattooed Chef would need to restate its previously filed financial statements for certain periods.

On October 12, 2022, Tattooed Chef announced that it would restate its financial statements from March 31, 2021 to the present. Specifically, the Company revealed that its 2021 first quarter, second quarter, third quarter, and annual reports overstated revenues and understated net losses. Tattooed Chef also filed a Form 8-K with the U.S. Securities and Exchange Commission which revealed that its 2021 financial statements "were materially misstated and should no longer be relied upon and should be restated." ECF 1 at ¶32.

On this news, Tattooed Chef's share price declined nearly 10%, damaging investors.

## III.    ARGUMENT

### A.    The Tattooed Chef Investor Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 2 -

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *Barry v. Colony NorthStar, Inc.*, 2018 WL 11459916, at *2 (C.D. Cal. July 16, 2018). The Tattooed Chef Investor Group meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.   This Motion Is Timely

On December 23, 2022, the statutory notice was published on *Business Wire* advising class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by February 21, 2023. *See* Declaration of Kenneth P. Dolitsky in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Dolitsky Decl."), Ex. A, filed concurrently herewith. Accordingly, the Tattooed Chef Investor Group's motion is timely filed and it is eligible to be considered for appointment as lead plaintiff.

### 2.   The Tattooed Chef Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Tattooed Chef Investor Group purchased 46,676 shares of Tattooed Chef stock and suffered approximately $423,570 in losses as the market began to learn the truth about defendants' allegedly false misrepresentations and omissions and the price of Tattooed Chef stock declined. *See* Dolitsky Decl., Exs. B-C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period. Therefore, the Tattooed Chef Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.   The Tattooed Chef Investor Group Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the

- 3 -

4857-8404-0530.v1

interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ." *Cavanaugh*, 306 F.3d at 732. "The movant with the largest financial interest only needs to make a prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff." *Shreves v. Xunlei Limited*, 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015) (citing *Cavanaugh*, 306 F.3d at 739). "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members." *Id*. "The Ninth Circuit determines whether a plaintiff meets the Rule 23 requirement of 'adequacy' using two criteria: (1) whether the presumptive lead plaintiff and their counsel 'have any conflicts of interest with other class members'; and (2) whether the presumed lead plaintiff and their counsel will 'prosecute the action vigorously on behalf of the class.'" *Barry*, 2018 WL 11459916, at *4 (citation omitted). Here, the Tattooed Chef Investor Group satisfies these requirements.

Indeed, the Tattooed Chef Investor Group's claims arise out of the same events and are based on the same legal theories as the claims of other class members. The Tattooed Chef Investor Group suffered a significant loss on its investment in Tattooed Chef stock, and is therefore motivated to diligently pursue the claims at issue on behalf of the putative class. In addition, the Tattooed Chef Investor Group has selected counsel experienced in prosecuting securities class actions to represent him and the class. *See infra* §III.B.

Because the Tattooed Chef Investor Group filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that it is the presumptive lead plaintiff.

- 4 -

4857-8404-0530.v1

## B. The Court Should Approve The Tattooed Chef Investor Group's Selection of Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §77z-1(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Tattooed Chef Investor Group has selected Robbins Geller as lead counsel.

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g., In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"). Notably, in the last three years alone, Robbins Geller recovered more than $4 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

- 5 -

4857-8404-0530.v1

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Tattooed Chef Investor Group's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Tattooed Chef Investor Group has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Tattooed Chef Investor Group respectfully requests that the Court grant its motion for appointment as lead plaintiff and approve its selection of counsel.

DATED:  February 21, 2023                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY


                                         s/ Kenneth P. Dolitsky
                                 _____
                                         KENNETH P. DOLITSKY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 6 -

4857-8404-0530.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 21, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth P. Dolitsky
KENNETH P. DOLITSKY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  kdolitsky@rgrdlaw.com

4857-8404-0530.v1

# Mailing Information for a Case 2:22-cv-09311-GW-E Dinko Mihaylov v. Tattooed Chef, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Alexander K Mircheff**
  amircheff@gibsondunn.com,mostrye@gibsondunn.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Craig Varnen**
  cvarnen@gibsondunn.com

- **Brian Yang**
  BYang2@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)