Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants
Saphira TrangDai Tran and Abdiselam
Abdulahi and Proposed Lead Counsel for
the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINKO MIHAYLOV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TATTOOED CHEF, INC., SALVATORE GALLETTI, and STEPHANIE DIECKMANN,<br><br>Defendants. | Case No. 2:22-cv-09311-GW-E<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SAPHIRA TRANGDAI TRAN AND ABDISELAM ABDULAHI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date:     March 23, 2023<br>Time:    8:30 a.m.<br>Crtrm.:  9D<br>Judge:   George H. Wu |

MEMORANDUM OF LAW

Lead Plaintiff Movants Saphira TrangDai Tran ("Tran") and Abdiselam Abdulahi ("Abdulahi")[1] respectfully submit this memorandum of law in support of their motion to appoint Tran and Abdulahi as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class of all persons other than the Defendants who purchased or otherwise acquired Tattooed Chef, Inc. ("Tattooed Chef," or the "Company") securities between March 20, 2021 and October 12, 2022, inclusive ("Class Period").

## I. PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that Tran and Abdulahi are the "most adequate plaintiff" as defined by the PSLRA.

Tran and Abdulahi have "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Tran and Abdulahi satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Tran and Abdulahi respectfully submit that they are the presumptively the most adequate plaintiff and should be appointed as lead plaintiff

---

[1] Tran and Abdulahi are spouses.

for the class. Additionally, Tran and Abdulahi's selection of GPM as Lead Counsel for the class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[2]

Defendant Tattooed Chef is a plant-based food company that offers sourced plant-based food. Its plant-based products are available in the frozen food sections of national retail food stores and on its e-commerce website. The Company also provides chef-created products for plant-based consumers.

On October 12, 2022, after market hours, the Company announced that it would restate its financial statements from March 31, 2021 to the present and revealed for the first time the revenue was overstated by more than $5.4 million in the Company's first quarter, second quarter, third quarter and fourth quarter financial reports for 2021. The Company also made numerous other changes in financial statements that revealed the extent of the Company's internal control weaknesses. In its current report filed with the SEC, the Company stated that several of its previous financial statements were "materially misstated and should no longer be relied upon and should be restated, because the Company (a) incorrectly recorded expenses related to a multi-vendor mailer program with a large customer as operating expenses rather than as a reduction of revenue; and (b) incorrectly recorded expenses for advertising placement by a marketing services firm on a straight-line basis over the life of the contract rather than when the services were actually rendered."

On this news, Tattooed Chef's share price fell $0.44 per share, or 9.8%, from its close on October 12, 2022 to open on October 13, 2022 at $4.05 per share, injuring investors.

---

[2] This section has been adapted from the complaint filed in the above-captioned action. *See* Dkt. No. 1.

The complaint filed in this action alleges that throughout the Class Period the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (1) Tattooed Chef continuously downplayed its serious issues with internal controls; (2) Tattooed Chef's financial statements from March 31, 2021 to the present included "certain errors" such as overstating revenue and understating losses; (3) as a result, Tattooed Chef would need to restate its previously filed financial statements for certain periods; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Tran and Abdulahi and other class members have suffered significant losses and damages.

## III.  ARGUMENT

### A.  Tran And Abdulahi Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

MEMORANDUM OF LAW

3

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Tran and Abdulahi have complied with all of the PSLRA's requirements and satisfy all of the PSLRA criteria to be appointed lead plaintiff. Tran and Abdulahi, to the best of their knowledge, have the largest financial interest in this litigation, satisfy the relevant requirements of Federal Rule of Civil Procedure 23, and are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the class. Accordingly, Tran and Abdulahi respectfully submit that they should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.   Tran And Abdulahi's Motion Is Timely

On December 25, 2022, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Tran and Abdulahi had sixty days (*i.e.*, until February 21, 2023), to file a motion to be appointed as Lead Plaintiff. As purchasers of Tattooed Chef securities during the Class Period, Tran and Abdulahi are members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, Tran and Abdulahi attest that they have reviewed the complaint, adopt the allegations therein, and are

willing to serve as representatives of the class. Linehan Decl., Ex. B. Accordingly, Tran and Abdulahi satisfy the first requirement to serve as Lead Plaintiff for the class.

### 2. Tran and Abdulahi Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Tran and Abdulahi believe that they have the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly are presumed to be the "most adequate plaintiff."

Tran and Abdulahi purchased Tattooed Chef securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $97,990.01. *See* Linehan Decl., Ex. C. To the best of their knowledge, Tran and Abdulahi are not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Tran and Abdulahi believe they have the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Tran And Abdulahi Satisfy The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)  Tran And Abdulahi's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Tran and Abdulahi's claims are typical of the claims asserted by the proposed class. Like all members of the class, Tran and Abdulahi purchased Tattooed Chef securities during the Class Period and suffered losses as a result of their transactions. Like all members of the class, Tran and Abdulahi allege that Defendants violated federal securities laws by disseminating materially misleading statements

concerning Tattooed Chef's operations and financial prospects. Tran and Abdulahi's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of Tattooed Chef securities caused by Defendants' alleged misrepresentations and omissions. Accordingly, Tran and Abdulahi's interests and claims are typical of the interests and claims of the class.

### b) Tran And Abdulahi Are Adequate Representatives

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv- 8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Tran and Abdulahi easily satisfy the adequacy requirements. Tran and Abdulahi's financial interest demonstrates that they have sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Tran and Abdulahi are] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Tran is self-employed. Abdulahi has a bachelor's degree in accounting. Tran and Abdulahi have been managing their own investments for approximately 5 years. Moreover, Tran and Abdulahi have also retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl.,

Ex. D (the firm's résumé). In addition, Tran and Abdulahi are not aware of any conflict between their claims and those asserted on behalf of the class.

Accordingly, Tran and Abdulahi should be appointed as lead plaintiff.

### B.	The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Tran and Abdulahi have retained GPM to pursue this litigation on their behalf and will retain the firm as Lead Counsel in the event Tran and Abdulahi are appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit E, the Court may be assured that, by granting Tran and Abdulahi's motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Tran and Abdulahi's selection of counsel.

### IV.	CONCLUSION

For the foregoing reasons, Saphira TrangDai Tran and Abdiselam Abdulahi respectfully request that the Court to grant their motion and enter an Order: (1) appointing Tran and Abdulahi as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  February 21, 2023

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Charles Linehan*

Robert V. Prongay
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Saphira TrangDai Tran and
Abdiselam Abdulahi and Proposed Lead
Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Lead Plaintiff Movants Saphira TrangDai Tran and Abdiselam Abdulahi, certifies that this brief contains 2,529 words, which complies with the word limit of L.R. 11-6.1.

DATED:  February 21, 2023          *s/ Charles H. Linehan*
                                    Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On February 21, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 21, 2023, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan