**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN #319767)
    fortunato@bespc.com
Marion C. Passmore (SBN #228474)
    passmore@bespc.com
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone:  (213) 612-7735
Facsimile:   (212) 214-0506

*Counsel for Movant the Tattooed Chef Investor*
*Group and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINKO MIHAYLOV, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>    v.<br><br>TATTOOED CHEF, INC., SALVATORE GALLETTI, and STEPHANIE DIECKMANN,<br><br>     Defendants. | Case No. 2:22-cv-09311-GHW-CFE<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TATTOOED CHEF INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Honorable George H. Wu<br>Hearing Date:  March 23, 2023<br>Time: 8:30 a.m.<br>Courtroom: 9D – 9th Floor |

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT...................................................................................1

II.     FACTUAL BACKGROUND ................................................................................2

III.    ARGUMENT.........................................................................................................4

      A.     The Court Should Appoint Movant as Lead Plaintiff................................4

           1.    The Procedure Required by the PSLRA...........................................4

           2.    Movant Filed a Timely Motion.........................................................5

           3.    Movant Has the Largest Financial Interest in the Relief Sought by the Class................................................................................6

           4.    Movant Satisfies the Requirements of Rule 23(a).........................6

                a.    Movant's Claims Are Typical of the Claims of the Class....7

                b.    Movant Will Adequately Represent the Class .....................8

      B.     Movant's Choice of Counsel Should Be Approved .................................9

IV.    CONCLUSION .....................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................ 1, 5, 7

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ........................................................................................ 8

*Deinnocentis v. Dropbox, Inc.*,
  No. 19-CV-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)....7

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004)................................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ....................................................................................7

*Karinski v. Stamps.com, Inc.*,
  No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879 (C.D. Cal. June 5, 2019)........8

*Osher v. Guess? Inc.*,
  No. 01-cv-00871, 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001)..........8, 9

*Richardson v. TVIA*,
  No. 06-cv-06304 RMW, 2007 U.S. Dist. LEXIS 28406
  (N.D. Cal. Apr. 16, 2007) ...........................................................................................7

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ........................................................................7

*Vataj v. Johnson*,
  No. 19-CV-06996-HSG, 2020 U.S. Dist. LEXIS 21039
  (N.D. Cal. Feb. 3, 2020) ..........................................................................................7, 8

*Waterford Twp. Police v. Mattel, Inc.*,
  No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452
  (C.D. Cal. Sept. 29, 2017).............................................................................................5

**Statutes**

15 U.S.C. § 78j(b) ...........................................................................................................1

15 U.S.C. § 78t(a) ...............................................................................................1

15 U.S.C. § 78u-4(a)(3)(A)...................................................................................1

15 U.S.C. § 78u-4(a)(3)(B) ...........................................................................*passim*

17 C.F.R. § 240.10b-5...........................................................................................1

**Rules**

Fed. R. Civ. P. 23(a) .....................................................................................*passim*

## I.     SUMMARY OF ARGUMENT

Presently pending before the Court is a securities class action lawsuit brought on behalf of a "Class" consisting of all persons or entities, other than Defendants (defined herein), who purchased or otherwise acquired publicly traded Tattooed Chef, Inc. ("Tattooed Chef" or the "Company") securities between March 20, 2021 and October 12, 2022, inclusive (the "Class Period").   Plaintiff in the action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission (the "SEC") (17 C.F.R. § 240.10b-5), against the Company and certain of its senior officers.

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).   Movants Dolev Cohen, Eric Staley, Daryl Wood, and Minderpal Gulati (together, "Movant" or the "Tattooed Chef Investor Group") lost approximately $226,871.06 as a result of the alleged fraud during the Class Period.   The Tattooed Chef Investor Group believes that it has the largest financial interest in the outcome of the action.[1]   Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class,

---

[1]   Signed certifications identifying each of the Tattooed Chef Investor Group's transactions during the Class Period, as required by the PSLRA, as well as a chart identifying Movant's estimated losses, and a joint declaration evidencing the Tattooed Chef Investor Group members' intention to pursue the action in a cohesive and collative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1, 2, and 3, respectively.

and that it will fairly and adequately represent the interests of the Class.  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that:  (1) Movant be appointed Lead Plaintiff; and (2) its selection of Bragar Eagel & Squire, P.C. ("BES") be approved as Lead Counsel.

## II.   FACTUAL BACKGROUND

Tattooed Chef is a plant-based food company that offers sourced plant-based food.  ¶ 7.[2]  On March 19, 2021, after market hours, Tattooed Chef filed with the SEC its 2020 annual report on Form 10-K for the year ended December 31, 2020 (the "2020 Annual Report").  ¶ 16.  Attached to the 2020 Annual Report were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by the individual defendants attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.  ¶¶ 16, 17.

On May 18, 2021, the Company filed with the SEC its 2021 First Quarter report on Form 10-Q for the quarter ended March 31, 2021 (the "1Q21 Report").  ¶ 18.  The 1Q21 Report revealed that the Company reported net revenue of $52,682,000 and net loss of $8,152,000.  ¶ 19.

On August 16, 2021, the Company filed with the SEC its second quarter report on Form 10-Q for the period ended June 30, 2021 (the "2Q21 Report").  ¶ 21.  The 2Q21 Report stated that the Company's net revenue for the three months ended June 30, 2021 was $50,716,000 and $103,398,000 for the six months ended June 30, 2021, resulting in a net loss of $53,196,000 for the three months ended June 30, 2021 and $61,348,000 for the six months ended June 30, 2021.  ¶ 22.

---

[2]  References to "¶_" herein are to the Class Action Complaint for Violations of the Federal Securities Laws filed in the above-referenced action on December 23, 2022. ECF No. 1.

On November 22, 2021, the Company filed with the SEC its quarterly report on Form 10-Q for the period ended September 30, 2021 (the "3Q21 Report"). ¶ 24. The 3Q21 Report reported net revenue of $58,780,000 for the three months ended September 30, 2021 and $161,972,000 for the nine months ended September 30, 2021, and a net loss of $8,174,000 for the three months ended September 30, 2021 and $70,095,000 for the nine months ended September 30, 2021. ¶ 25.

On March 16, 2022, the Company filed with the SEC its annual report and fourth quarter and annual results on Form 10-K for the period ended December 31, 2021 (the "2021 Annual Report"). ¶ 27. The 2021 Annual Report revealed Company net revenue of $213,430,000 and a net loss of $87,404,000. ¶ 28.

The Company's statements were materially false and/or misleading because they misrepresented and failed to disclose adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Tattooed Chef continuously downplayed its serious issues with internal controls; (2) Tattooed Chef's financial statements from March 31, 2021 to the present included "certain errors" such as overstating revenue and understating losses; (3) as a result, Tattooed Chef would need to restate its previously filed financial statements for certain periods; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶ 30.

On October 12, 2022, after market hours, the Company announced that it would restate its financial statements from March 31, 2021 to the present and revealed for the first time that: (1) net revenue was overstated by $213,000 and the net loss was understated by $90,000 in the 1Q21 Report; (2) in the 2Q21 Report, net revenue was overstated by $446,000 for the three months ended June 30, 2021 and $659,000 for the six months ended June 30, 2021, and the net loss was understated by

$4,276,000 for the three months ended June 30, 2021 and $4,366,000 for the six months ended June 30, 2021; (3) in the 3Q21 Report, net revenue was overstated by $425,000 for the three months ended September 30, 2021 and $878,000 for the nine months ended September 30, 2021, and the net loss was understated by $372,000 for the three months ended September 30, 2021 and $4,165,000 for the nine months ended September 30, 2021; and, (4) in the 2021 Annual Report, net revenue was overstated by $5,436,000 for the period ended December 31, 2021.  ¶ 31.

On this news, Tattooed Chef's share price fell $0.44 per share, or 9.8%, from its close on October 12, 2022 to open on October 13, 2022 at $4.05 per share, damaging investors.  ¶ 32.

## III.    ARGUMENT

### A.    The Court Should Appoint Movant as Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE TATTOOED CHEF INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:22-cv-09311-GHW-CFE

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30; *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *8 (C.D. Cal. Sept. 29, 2017). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Cavanaugh*, 306 F.3d at 741. *See also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff(s) to represent the Class and, as a result, should be appointed Lead Plaintiff in the action.

**2.    Movant Filed a Timely Motion**

On December 25, 2022, counsel for the plaintiff caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed and advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[3] Pursuant to the PSLRA and within the requisite time frame after

---

[3] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit 4 to the Fortunato Declaration.

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE TATTOOED CHEF INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:22-cv-09311-GHW-CFE
- 5 -

publication of the required Notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 3.   Movant Has the Largest Financial Interest

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Fortunato Decl., Ex. 2. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.

During the Class Period, Movant purchased Tattooed Chef securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $226,871.06. *See* Fortunato Decl., Ex. 2. Movant thus has a significant financial interest in the outcome of the action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 4.   Movant Satisfies the Requirements of Rule 23(a)

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730 n.5, 732; *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *11 (N.D. Cal. Jan. 16, 2020); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. Apr. 16, 2007).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a.    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant meets the typicality requirement of Rule 23 because: (i) Movant suffered the same injuries as the absent Class members; (ii) as a result of the same course of conduct by Defendants; and (iii) Movant's claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 (N.D. Cal. Feb. 3, 2020). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Vataj*, 2020 U.S. Dist. LEXIS 21039, at *6; *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *13 (C.D. Cal. Apr. 26, 2001) ("[C]laims are typical 'if

they are reasonably co-extensive with those of the absent class members; they need not be substantially identical.'") (citations omitted).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Tattooed Chef securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses resulted from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *13.

### b.      Movant Will Adequately Represent the Class

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of the movant and other members of the class. 15 U.S.C. § 78u-4(a)(3)(B); *Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879, at *4 (C.D. Cal. June 5, 2019); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant also has a significant and compelling interest in prosecuting the action based on the large financial losses Movant suffered as a result of the wrongful conduct alleged in the action. This motivation, combined with

Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See id.* (citation omitted).

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, they are therefore the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the action.

**B.      Movant's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15.

Movant has selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class. *See* Fortunato Decl., Ex. 5 (BES firm résumé).

**IV.   CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint the Tattooed Chef Investor Group as Lead Plaintiff for the Class;

(2) approve BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 21, 2023          Respectfully submitted,

                                  **BRAGAR EAGEL & SQUIRE, P.C.**

                                  /s/ *Melissa A. Fortunato*
                                  Melissa A. Fortunato (SBN #319767)
                                  Marion C. Passmore (SBN #228474)
                                  445 S. Figueroa Street, Suite 3100
                                  Los Angeles, California 90071
                                  Telephone:  (213) 612-7735
                                  Facsimile:   (212) 214-0506
                                  Email:   fortunato@bespc.com
                                            passmore@bespc.com

                                  *Counsel for Movant the Tattooed Chef
                                  Investor Group and Proposed Lead
                                  Counsel for the Class*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above actions, and am over eighteen years old.  On February 21, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of February, 2023.

> /s/ Melissa A. Fortunato
> Melissa A. Fortunato

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE TATTOOED CHEF INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:22-cv-09311-GHW-CFE

- 11 -