POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for the Tattooed Chef Investor Group and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINKO MIHAYLOV, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TATTOOED CHEF, INC., SALVATORE GALLETTI, and STEPHANIE DIECKMANN,<br><br>Defendants. | Case No. 2:22-cv-09311-GW-E<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE TATTOOED CHEF INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL<br><br>DATE: March 23, 2023<br>TIME: 8:30 a.m.<br>JUDGE: George H. Wu<br>CTRM: 9D, 9th Floor |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................1

II.   STATEMENT OF FACTS .........................................................................3

III.  ARGUMENT .............................................................................................6

    A.    THE TATTOOED CHEF INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ..........................................................6

        1.    The Tattooed Chef Investor Group Is Willing to Serve as Class Representative .......................................................................7

        2.    The Tattooed Chef Investor Group Has the "Largest Financial Interest" ..............................................................................8

        3.    The Tattooed Chef Investor Group Otherwise Satisfies Rule 23's Requirements .................................................................9

        4.    The Tattooed Chef Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .............................................................14

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...................................................................................15

IV.   CONCLUSION ........................................................................................16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barnet v. Elan Corp., PLC*,
  236 F.R.D. 158 (S.D.N.Y. 2005) ..............................................................................12

*Bruce v. Suntech Power Holdings Co.*,
  No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ......................13

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
  No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012)........................8

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ...................................................................................10

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ....................................................................10

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
  No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513
  (E.D.N.Y. Dec. 15, 2017) ..................................................................................12, 14

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ...............................................................................8, 12

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779
  (E.D.N.Y. Mar. 2, 2007) .....................................................................................8, 16

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................8

*In re Petrobras Securities Litigation*,
  No. 14-cv-09662 (S.D.N.Y.)....................................................................................15

*In re Solar City Corp. Sec. Litig.*,
  No. 16-CV-04686-LHK, 2017 WL 363274
  (N.D. Cal. Jan. 25, 2017) ........................................................................................10

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015)...................................................................8, 9

*Lax v. First Merchants Acceptance Corp.*,
  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866
  (N.D. Ill. Aug. 6, 1997)........................................................................................8, 9

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee*
  *Roasters, Inc.*,
  No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012)...................................14

*Nicolow v. Hewlett Packard Co.*,
  No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013)............................8, 9

*Osher v. Guess?, Inc.*,
  No. CV01-00871LGB(RNBX), 2001 WL 861694
  (C.D. Cal. Apr. 26, 2001) ...........................................................................................15

*Perrin v. Sw. Water Co.*,
  No. 208CV7844FMCAGRX, 2009 WL 10654690
  (C.D. Cal. Feb. 13, 2009)......................................................................................12, 13

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ......................10

*Robb v. Fitbit Inc.*,
  No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016)...................12, 13

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ......................................................................................11

*Tai Jan Bao v. SolarCity Corp.*,
  No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ....................10

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
  No. CIV.A. 13-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014)...........................14

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................12

**Statutes**

15 U.S.C. §78u-4...............................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...................................................*passim*

Securities Exchange Act of 1934 .........................................................................1, 8, 10

**Rules**

Fed. R. Civ. P. 23 .......................................................................................................*passim*

Movants Ben Ganje, Mohamed Saad, and Nassib Awad[1] (collectively, the "Tattooed Chef Investor Group") respectfully submit this Memorandum of Points and Authorities in support of their motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing the Tattooed Chef Investor Group as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired publicly traded Tattooed Chef, Inc. ("Tattooed Chef" or the "Company") securities between March 20, 2021 and October 12, 2022, inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Tattooed Chef investors, including the Tattooed Chef Investor Group, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Tattooed Chef securities to fall sharply, damaging the Tattooed Chef Investor Group and other Tattooed Chef investors.

---

[1] Nassib Awad pursues claims in this litigation both on his own behalf and on behalf of Nassib M Awad & Paulette A Awad Trust (the "Trust"), from which he has received a valid assignment of those claims. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A. Nassib Awad is Owner of the Trust, which is an investment entity under his control. *Id.*, Ex. B ¶ 4.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, the Tattooed Chef Investor Group collectively purchased 476,930.30 Tattooed Chef shares and 24 Tattooed Chef options, expended $4,736,271 on these purchases, retained 103,834 Tattooed Chef shares, and, as a result of the disclosures of the fraud, incurred losses of approximately $699,250 as calculated on a first-in, first-out ("FIFO") basis, or $696,033 as calculated on a last-in, first-out ("LIFO") basis. *See* Pafiti Decl., Ex. C. Accordingly, the Tattooed Chef Investor Group believes that it has the largest financial interest in the relief sought in the Action.

Beyond its considerable financial interest, the Tattooed Chef Investor Group also meets the applicable requirements of Rule 23 because the Tattooed Chef Investor Group's claims are typical of absent Class members and because the Tattooed Chef Investor Group will fairly and adequately represent the interests of the Class.

To fulfill its obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, the Tattooed Chef Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the Tattooed Chef Investor Group respectfully requests that the Court enter an order appointing the Tattooed Chef Investor Group as Lead Plaintiff for the Class and approving the Tattooed Chef Investor Group's selection of Pomerantz as Lead Counsel for the Class.

## II.   STATEMENT OF FACTS

As alleged in the Complaint in the Action, Tattooed Chef is a plant-based food company that offers sourced plant-based food.  Its plant-based products are available in the frozen food sections of national retail food stores across the United States as well as on its e-commerce site.  The Company also provides chef-created products to the group of plant-based consumers as well as the mainstream marketplace.  Tattooed Chef was founded by Salvatore Galletti and Sarah Galletti in 2017 and is headquartered in Paramount, California.

Throughout the Class Period, Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Tattooed Chef continuously downplayed its serious issues with internal controls; (2) Tattooed Chef's financial statements from March 31, 2021 to the present included "certain errors" such as overstating revenue and understating losses; (3) as a result, Tattooed Chef would need to

restate its previously filed financial statements for certain periods; and (4) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On October 12, 2022, after market hours, the Company announced that it would restate its financial statements from March 31, 2021 to the present and revealed for the first time that revenue was overstated by $213,000 and that net loss was understated by $90,000 in the Company's 2021 First Quarter report on Form 10-Q for the year ended March 31, 2021.  In the second quarter report on Form 10-Q for the period ended June 30, 2021, revenue was overstated by $446,000 for the three months ended June 30, 2021 and $659,000 for the six months ended June 30, 2021 and the net loss was understated by $4,276,000 for the three months ended June 30, 2021 and $4,366,000 for the six months ended June 30, 2021.  In the quarterly report on Form 10-Q for the period ended September 30, 2021, revenue was overstated by $425,000 for the three months ended September 30, 2021 and $878,000 for the nine months ended September 30, 2021 and net loss was understated by $372,000 for the three months ended September 30, 2021 and $4,165,000 for the nine months ended September 30, 2021.  In the annual report and fourth quarter and annual results on Form 10-K for the period ended December 31, 2021, revenue was overstated by $5,436,000 for the period ended December 31, 2021.

The Company also made numerous other changes in financial statements that revealed the extent of internal control weaknesses, stating the following, in pertinent part,

in its current report filed with the U.S. Securities and Exchange Commission on Form 8-K:

**Item 4.02. Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**

On October 6, 2022, Tattooed Chef, Inc. (the "Company") received a written notice pursuant to Item 4.02(b) from the Company's former independent registered public accounting firm, BDO USA, LLP, that the Company's unaudited interim condensed consolidated financial statements for the quarters ended March 31, 2021, June 30, 2021 and September 30, 2021, and its audited annual consolidated financial statements for the year ended December 31, 2021, and accompanying audit report, each as previously filed with the Securities and Exchange Commission ("SEC"), ***were materially misstated and should no longer be relied upon and should be restated, because the Company (a) incorrectly recorded expenses related to a multi-vendor mailer program with a large customer as operating expenses rather than as a reduction of revenue; and (b) incorrectly recorded expenses for advertising placement by a marketing services firm on a straight-line basis over the life of the contract rather than when the services were actually rendered.*** For these reasons, pursuant to Item 4.02(a) the Board, after consultation with the Audit Committee, has also determined that the Company's unaudited interim condensed consolidated financial statements for the quarters ended March 31, 2022 and June 30, 2022 should no longer be relied upon.

(Emphasis added.)

On this news, Tattooed Chef's share price fell $0.44 per share, or 9.8%, from its close on October 12, 2022 to open on October 13, 2022 at $4.05 per share, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE TATTOOED CHEF INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Tattooed Chef Investor Group should be appointed Lead Plaintiff because the Tattooed Chef Investor Group has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to its knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Tattooed Chef Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

> **1.    The Tattooed Chef Investor Group Is Willing to Serve as Class Representative**

On December 23, 2022, counsel for the plaintiff in the Action caused the statutorily required Notice of this Action to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that this Action had been filed against Tattooed Chef and other Defendants, and which advised investors in Tattooed Chef securities that they had until February 21, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. D.

The Tattooed Chef Investor Group has filed the instant motion pursuant to the Notice, and has attached sworn Certifications executed by the members of the Tattooed Chef Investor Group, attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. E.  Accordingly, the Tattooed Chef Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    The Tattooed Chef Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, the Tattooed Chef Investor Group has the largest financial interest of any Tattooed Chef investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide,[2] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan.

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

9, 2012).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at \*4.

During the Class Period, the Tattooed Chef Investor Group collectively: (1) purchased 476,930.30 Tattooed Chef shares and 24 Tattooed Chef options; (2) expended $4,736,271 on purchases of Tattooed Chef securities; (3) retained 103,834 Tattooed Chef shares; and (4) as a result of the disclosure of the fraud, incurred losses of approximately $699,250 as calculated on a FIFO basis, or $696,033 as calculated on a LIFO basis, in connection with transactions in Tattooed Chef securities.  *See* Pafiti Decl., Ex. C.  To the extent that the Tattooed Chef Investor Group possesses the largest financial interest in the outcome of this litigation, the Tattooed Chef Investor Group is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    The Tattooed Chef Investor Group Otherwise Satisfies Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of

> the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 WL 1129344, at *4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The Tattooed Chef Investor Group's claims are typical of those of the Class. The Tattooed Chef Investor Group alleges, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts

concerning Tattooed Chef.  The Tattooed Chef Investor Group, like other Class members, purchased Tattooed Chef securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Tattooed Chef's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

The Tattooed Chef Investor Group is an adequate representative for the Class.  Here, the Tattooed Chef Investor Group has submitted signed Certifications by each of its members declaring their respective commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. E.  There is no antagonism between the Tattooed Chef Investor Group's interests and those of the Class, and the Tattooed Chef Investor Group's significant financial interest demonstrates that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.  Moreover, the Tattooed Chef Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities

class actions such as this Action, and submits its choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, the Tattooed Chef Investor Group is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further, the Tattooed Chef Investor Group constitutes an appropriate group of the type routinely appointed to serve as Lead Plaintiff.  *See, e.g.*, *Perrin v. Sw. Water Co.*, No. 208CV7844FMCAGRX, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *Cendant*, 264 F.3d at 266 (noting "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff" (citation omitted)); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing a group consisting of six members with the largest financial interest as lead plaintiff).

The Tattooed Chef Investor Group likewise has demonstrated its adequacy because it is a small and cohesive group of three investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. B.  Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Fitbit*, 2016 WL 2654351, at *4, *7 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Perrin*, 2009 WL 10654690, at *3-4 (appointing as lead plaintiff a group of four investors that "submitted a Joint Declaration

agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class'").[3]

### 4. The Tattooed Chef Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Tattooed Chef Investor Group as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Tattooed Chef Investor Group's ability and desire to fairly and adequately represent the Class has been discussed above. The Tattooed Chef Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to

---

[3] *See also Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7, *34 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

represent the Class.  Accordingly, the Tattooed Chef Investor Group should be appointed Lead Plaintiff of the Class.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Tattooed Chef Investor Group has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. F.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by

Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, the Tattooed Chef Investor Group's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving the Tattooed Chef Investor Group's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, the Tattooed Chef Investor Group respectfully requests that the Court issue an Order: (1) appointing the Tattooed Chef Investor Group as Lead Plaintiff for the Class; and (2) approving the Tattooed Chef Investor Group's selection of Pomerantz as Lead Counsel for the Class.

Dated:  February 21, 2023          Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for the Tattooed Chef Investor Group and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for the Tattooed Chef Investor Group*

CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti