Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Saphira TrangDai Tran* and *Abdiselam Abdulahi and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINKO MIHAYLOV, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TATTOOED CHEF, INC., SALVATORE GALLETTI, and STEPHANIE DIECKMANN, <br><br> Defendants. | Case No. 2:22-cv-09311-GW-E <br><br> **SAPHIRA TRANGDAI TRAN AND ABDISELAM ABDULAHI'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> Date:    March 23, 2023 <br> Time:    8:30 a.m. <br> Crtrm.:  9D <br> Judge:  George H. Wu |

---

TRAN AND ABDULAHI'S OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

Lead Plaintiff Movants Saphira TrangDai Tran ("Tran") and Abdiselam Abdulahi ("Abdulahi"), who are a married couple, submit this memorandum of law in opposition to the four competing motions for appointment as lead plaintiff and approval of counsel filed by other class members in this action (Dkt. Nos. 18, 26, 27, 28).

## I.    INTRODUCTION

Five motions for appointment as lead plaintiff and approval of lead counsel were filed in this action pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, the "PSLRA"). The motions were filed by Tran and Abdulahi (Dkt. No. 22); John Hancock, Shashank Bagul, John Spadaro, Dr. Mustapha Hotait, and Marco Starace (the "Hancock Group") (Dkt. No. 28); Ben Ganje, Mohamed Saad, and Nassib Awad (the "Ganje Group") (Dkt. No. 26); Viktor Grigorescu, Gyrosol V. Johnston, Dan Kogan, and Kogan Holdings Limited (the "Grigorescu Group") (Dkt. No. 18); and Dolev Cohen, Eric Staley, Daryl Wood, and Minderpal Gulati (the "Cohen Group") (Dkt. No. 27). However, the Cohen Group filed a notice informing the Court that it does not oppose the competing motions, *see* Dkt. No. 36, and the Grigorescu Group withdrew its motion. *See* Dkt. No. 37. As such, only Tran and Abdulahi, the Hancock Group, and the Ganje Group remain.

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the movant or group that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the

interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the presumption passes to the movant with the next largest loss until a suitable lead plaintiff is identified.

While the Hancock Group and the Ganje Group have a larger financial interest than Tran and Abdulahi, the groups are inadequate to represent the class because, unlike Tran and Abdulahi who are a married couple, the Hancock Group and the Ganje Group are both non-cohesive groups of unrelated investors, cobbled together by their counsel for the purpose of obtaining lead plaintiff (and lead counsel) status. Courts in the Ninth Circuit reject such lawyer-driven groups as inadequate. As such, both the Hancock Group and the Ganje Group's motions should be denied.

Moreover, since both groups applied for lead plaintiff as groups, no individual group members are entitled to individual consideration for appointment as lead plaintiff.

Since the Hancock Group and the Ganje Group are eliminated from consideration, Tran and Abdulahi are the presumptively most adequate plaintiff. Moreover, unlike the Hancock Group and the Ganje Group, Tran and Abdulahi are adequate to represent the class because they clearly have a preexisting relationship and are cohesive. Additionally, Tran is self-employed, and Abdulahi has a bachelor's degree in accounting. Tran and Abdulahi have been managing their own investments for approximately 5 years. As such, the presumption that Tran and Abdulahi are the most adequate plaintiff has not been and cannot be rebutted. Accordingly, they should be appointed as lead plaintiff, and their selection of counsel should be approved.

**II.   THE HANCOCK GROUP AND THE GANJE GROUP SHOULD BE ELIMINATED FROM CONSIDERATION FOR APPOINTMENT AS LEAD PLAINTIFF BECAUSE THEY ARE AMALGAMATIONS OF UNRELATED INVESTORS COBBLED TOGETHER BY THEIR COUNSEL**

Courts in this District and throughout this Circuit reject groups of unrelated investors who are cobbled together by their counsel. *See Kinney v. Capstone Turbine Corp.*, No. 15-cv-8914, 2016 WL 5341948, at *3 (C.D. Cal. Feb. 29, 2016) (rejecting an "artificial aggregation" of unrelated investors that were grouped "for the simple purpose of qualifying to be lead plaintiff"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) ("[C]ourts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff."); *Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *3 (D. Ariz. Apr. 7, 2008) (same); *Niederklein v. PCS EdventuresA.com, Inc.*, No. 10-cv-00479, 2011 WL 759553, at *5-6 (D. Idaho Feb. 24, 2011) (similar). Here, the Hancock Group and the Ganje Group are exactly the types of unrelated groups, cobbled together by their counsel, that courts in this Circuit routinely reject.

Disqualifying such groups is consistent with Congress's goal in passing the PSLRA to "prevent lawyer-driven litigation." *Gemstar-TV*, 209 F.R.D. at 451; *see also Tsirekidze*, 2008 WL 942273, at *3 ("[W]hen unrelated investors are cobbled together, the clear implication is that counsel, rather than the parties, are steering the litigation."); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) ("To permit aggregation and lead plaintiff status for such a group undercuts the goal of having the plaintiffs and not the lawyers call the shots in securities class actions."); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1020 (N.D. Cal. 1999) (similar).

Here, the Hancock Group and the Ganje Group were cobbled together by their counsel. Neither group has provided evidence that their members have a pre-

litigation relationship. In fact, the groups' own lead plaintiff motions essentially affirm that no such relationships existed, and that their groups were formed by their counsel.

Both groups submitted short joint declarations that are filled with boilerplate assertions about the role of lead plaintiffs. *See* Dkt. No. 28-6 (Hancock Group Joint Declaration, "Hancock Decl."); Dkt No. 34-2 (Ganje Group Joint Declaration, "Ganje Decl."). However, both declarations ultimately testify to the fact that the groups are inadequate and lawyer-constructed. The Ganje Group, for example, consists of a college graduate from Minnesota, a small business owner from California, and a salon owner from Virginia. *See* Ganje Decl. ¶¶ 2-4. The Hancock Group similarly consists of a retired electrical engineer, a dentist, a technology consultant, and two software engineers, with no geographic information provided. *See* Hancock Decl. ¶ 4. Neither group claims that their members knew each other before this litigation, and neither deny that their respective counsel introduced them to each other. As such, the groups own declarations testify to the groups' lawyer-constructed nature, and both groups should be disqualified on this basis. *See Crihfield v. CytRx Corp.*, No. 16-cv-05519, 2016 WL 10587938, at *4 (C.D. Cal. Oct. 26, 2016) (disqualifying a group that submitted a joint declaration "totaling ten paragraphs of which six merely aver the residence and occupation of the members" since it fell "far short of convincing the Court the group is anything but an effort to engage in 'lawyer-driven litigation'"); *Kinney*, 2016 WL 5341948, at *3 (citing a group's joint declaration as evidence that the members "do not have prior existing relationships with one another" and disqualifying the group).

In fact, the Hancock group members do not claim in their joint declaration that the group members have ever directly spoken to each other. Instead, they appear only to have communicated with their counsel. *See* Hancock Decl. ¶ 5 ("[w]e have discussed serving as lead plaintiff with our counsel"). And the Ganje Group members attest that they held a single "conference call with each other and our

counsel to discuss this litigation" prior to filing the lead plaintiff motion. *Ganje Decl.* ¶ 5. One call organized by counsel is insufficient to render the group adequate, and in fact is further evidence of the group's inadequacy. *See In re Cloudera, Inc. Sec. Litig.*, No. 19-cv-03221, 2019 WL 6842021, at *7 (N.D. Cal. Dec. 16, 2019) (rejecting a group where "the group members were connected by nothing more than 'one joint call prior to filing the motion for appointment'"); *Stitch Fix*, 393 F. Supp. 3d at 835-36 (rejecting a group where "[t]he declaration allegations are conclusory and cursory, and indicate only that the group members—who reside in Texas, Virginia and Pennsylvania—have exchanged a few calls and emails with each other since being introduced by their common lawyer").

As such, there is no question that the Hancock Group and the Ganje Group were cobbled together by their respective counsel for the purpose of achieving lead plaintiff, and lead counsel, status. Accordingly, the groups are inadequate to represent the class and should be disqualified from consideration for appointment as lead plaintiff. *See Kinney*, 2016 WL 5341948, at *4.

### III.   NO INDIVIDUAL GROUP MEMBER SHOULD BE CONSIDERED FOR APPOINTMENT AS LEAD PLAINTIFF

No Hancock Group or Ganje Group member filed an individual motion for appointment as lead plaintiff. The PSLRA, however, requires that proposed lead plaintiffs "either file[] the complaint or ma[ke] a motion in response to a notice" to be considered. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Accordingly, no group member should be considered individually for appointment as lead plaintiff. *See Kinney*, 2016 WL 5341948, at *3 n.3 (declining to consider a group member individually because "under the plain text of the statute, the Court can only consider the individual that has filed the complaint or made the motion" and "that entity is the Capstone Investor Group, not Van Fossen"); *see also Tsirekidze*, 2008 WL 942273, at *4 ("The Farrukh Group moved for lead plaintiff as a group and will be evaluated as such.").

## IV.    TRAN AND ABDULAHI SHOULD BE APPOINTED AS LEAD PLAINTIFF

Since the Hancock Group and Ganje Group are eliminated from consideration, Tran and Abdulahi are the presumptively most adequate plaintiff. Tran and Abdulahi satisfy all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Tran and Abdulahi filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 22. Second, Tran and Abdulahi demonstrated that they satisfy the typicality and adequacy requirements of Rule 23 in their memorandum of law in support of their lead plaintiff motion. *See* Dkt. No. 23 at 6-9. Moreover, unlike the Hancock Group and Ganje Group, Tran and Abdulahi are an adequate and cohesive married couple. *See* *Kinney*, 2016 WL 5341948, at *4 ("In contrast to the artificial cohesion of the Capstone Investor Group, the Kays represent the quintessential cohesive unit fit to qualify together as an adequate lead plaintiff—they are a married couple."). Third, as the only remaining movants, Tran and Abdulahi have the largest financial interest ($97,990.01), as measured by the movants' last in, first out losses. As such, Tran and Abdulahi are the presumptively most adequate plaintiff to be appointed as lead plaintiff.

Moreover, no proof has been presented that Tran and Abdulahi would be inadequate or subject to unique defenses. As such, Tran and Abdulahi should be appointed as lead plaintiff, and no other movant is entitled to consideration.

## V.    THE COURT SHOULD APPROVE LEAD PLAINTIFF'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Tran and Abdulahi have retained Glancy Prongay & Murray LLP ("GPM") to pursue this litigation on their behalf and will retain the firm as Lead Counsel in the event Tran and Abdulahi are appointed as lead plaintiff. As reflected by the firm's résumé, Dkt. No. 24-4, the Court may be assured that, by approving GPM as lead counsel, the

class will receive the highest caliber of legal representation. Accordingly, the Court should approve Tran and Abdulahi's selection of counsel.

## VI.    CONCLUSION

For the foregoing reasons, Tran and Abdulahi respectfully request that the Court (1) appoint Tran and Abdulahi as Lead Plaintiff; (2) approve Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) deny the competing motions.

DATED:  March 2, 2023                          Respectfully submitted,

                                               **GLANCY PRONGAY & MURRAY LLP**

                                               By:   */s/ Charles Linehan*
                                               Robert V. Prongay
                                               Charles Linehan
                                               Pavithra Rajesh
                                               1925 Century Park East, Suite 2100
                                               Los Angeles, California 90067
                                               Telephone: (310) 201-9150
                                               Facsimile: (310) 201-9160
                                               Email:  clinehan@glancylaw.com

                                               *Counsel for Saphira TrangDai Tran and*
                                               *Abdiselam Abdulahi and Proposed Lead*
                                               *Counsel for the Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On March 2, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 2, 2023, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan