Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Saphira TrangDai Tran and Abdiselam Abdulahi and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DINKO MIHAYLOV, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TATTOOED CHEF, INC., SALVATORE GALLETTI, and STEPHANIE DIECKMANN, <br><br> Defendants. | Case No. 2:22-cv-09311-GW-E <br><br> **SAPHIRA TRANGDAI TRAN AND ABDISELAM ABDULAHI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> Date:   March 23, 2023 <br> Time:   8:30 a.m. <br> Crtrm.:  9D <br> Judge:  George H. Wu |

TRAN AND ABDULAHI'S REPLY IN SUPPORT OF THEIR LEAD PLAINTIFF MOTION

Lead Plaintiff Movants Tran[1] and Abdulahi, a married couple, submit this reply memorandum of law in further support of their motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 22), and in reply to the oppositions to their motion filed by the Hancock Group (Dkt. No. 40, "Hancock Opp."), and the Ganje Group (Dkt. No. 41, "Ganje Opp.").

## I. THE HANCOCK GROUP AND THE GANJE GROUP SHOULD BE DISQUALIFIED FROM CONSIDERATION FOR APPOINTMENT AS LEAD PLAINTIFF

While the Hancock Group and the Ganje Group claim to have a larger financial interest than Tran and Abdulahi, both groups should be eliminated from consideration for appointment as lead plaintiff because they are composed of unrelated investors, cobbled together by their counsel for the purpose off aggregating losses and achieving lead plaintiff and lead counsel status. *See Kinney v. Capstone Turbine Corp.*, No. 15-cv-8914, 2016 WL 5341948, at *3-4 (C.D. Cal. Feb. 29, 2016) (rejecting an "artificial aggregation" of unrelated investors that were grouped "for the simple purpose of qualifying to be lead plaintiff" and instead appointing "a married couple").

Despite now having had a second opportunity in their opposition memoranda to offer evidence that the groups are anything other than amalgamations of unrelated investors cobbled together by their counsel, the groups have failed to provide such evidence.

To the contrary, the Ganje Group echoes Tran and Abdulahi's analysis that the Hancock Group is inadequate to represent the class. *See* Ganje Opp. at 3-5, 10-15. The Ganje Group points out that the Hancock Group's joint declaration "lacks any meaningful explanation as to why these five individuals chose to seek appointment together as Co-Lead Plaintiffs, leaving the only reasonable inference

---

[1] All capitalized terms herein are as defined in Tran and Abdulahi's opposition memorandum (Dkt. No. 39).

that the group exists for the sole purpose of aggregating its members' losses to game the PSLRA's 'largest financial interest' requirement." *Id.* at 4. The Ganje Group also points out that the Hancock Group "does not attest to any communications having occurred between the five group members prior to the filing of their motion." *Id.* The Ganje Group's analysis is correct. The record illustrates that the Hancock Group was formed from unrelated investors cobbled together by counsel to aggregate losses and achieve lead plaintiff and lead counsel status.

The fact that the Hancock Group requests that the Court appoint the group "or John Hancock" (*see* Hancock Opp. at 4) as lead plaintiff is a tacit admission that the group is inadequate. *See Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("The willingness to abandon the group only suggests how loosely it was put together."). As such, neither the Hancock Group nor John Hancock should be appointed as lead plaintiff. *See id.* (declining to "pluck one of [the group's] top-two constituents to serve as lead plaintiff").

While the Ganje Group correctly identifies the Hancock Group as inadequate, the Ganje Group errs by not applying the same standard to itself. The Ganje Group attempts to distinguish itself from the Hancock Group by pointing out that it held a single group conference call. *See* Ganje Opp. at 4, 8, 9. A lone call, however, is insufficient to establish a group's adequacy. In fact, some courts have found a single call organized by counsel indicates a group's inadequacy. *See In re Cloudera, Inc. Sec. Litig.*, No. 19-cv-03221, 2019 WL 6842021, at *7 (N.D. Cal. Dec. 16, 2019) (rejecting a group "connected by nothing more than 'one joint call prior to filing the motion for appointment'"); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835-36 (N.D. Cal. 2019) (similar).

Moreover, while the Ganje Group rightly criticizes the Hancock Group for failing to provide "any meaningful explanation as to why these five individuals chose to seek appointment together" except to "aggregate[e] its members' losses," Ganje Opp. at 4, the Ganje Group *also* fails to identify any concrete reason why its

members moved as a group—other than to aggregate their losses. The only justification the Ganje Group offers is the thin platitude that they want to "share their resources and experience for the benefit of the absent Class members." Ganje Opp at 12-13. However, that is merely a description of what it is to be a lead plaintiff group—individuals sharing their skills for the benefit of the class. To quote the Ganje Group: "[t]his statement is so general as to be effectively meaningless." Ganje Opp. at 13. Such a shallow justification only further demonstrates that the Ganje Group, like the Hancock Group, was assembled by its counsel to aggregate its members' losses. As such, the fate of the Ganje Group should be the same as the Hancock Group—both should be disqualified as inadequate to represent the class.

## II. TRAN AND ABDULAHI SHOULD BE APPOINTED AS LEAD PLAINTIFF

Since the groups are disqualified, Tran and Abdulahi are the only remaining *bona fide* movants with a financial interest in the outcome of this action. As such, they are the presumptively most adequate plaintiff to be appointed as lead plaintiff.

Only the Hancock Group challenges Tran and Abdulahi's adequacy by claiming that Abdulahi submitted two trades that fall "outside the daily trading range." *See* Hancock Opp. at 10. However, the Hancock Group is simply mistaken because the group failed to consider pre-market and after-hours trading prices for the days in question. The prices, as reflected in Abdulahi's trading records, are within the daily ranges if pre-market and after-hours trading is considered. Moreover, unlike the Hancock Group and Ganje Group, Tran and Abdulahi are a married couple, which is the "quintessential cohesive unit fit to qualify together as an adequate lead plaintiff." *Kinney*, 2016 WL 5341948, at *4. As such, the presumption that Tran and Abdulahi are the most adequate plaintiff has not been rebutted. Accordingly, Tran and Abdulahi should be appointed as lead plaintiff, and their selection of counsel should be approved.

## III.   CONCLUSION

For the foregoing reasons, Tran and Abdulahi respectfully request that the Court grant their motion and enter an Order: (1) appointing Tran and Abdulahi as lead plaintiff; (2) approving their selection of Glancy Prongay & Murray LLP  as lead counsel for the class; and (3) denying the competing motion.

DATED:  March 9, 2023

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Charles Linehan*

Robert V. Prongay
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Saphira TrangDai Tran and Abdiselam Abdulahi and Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Lead Plaintiff Movants Saphira TrangDai Tran and Abdiselam Abdulahi, certifies that this brief contains 1,044 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 9, 2023              *s/ Charles H. Linehan*
                                  Charles H. Linehan

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On March 9, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 9, 2023, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan