| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | CRAIG VARNEN, SBN 172603 |
| 2 |    CVarnen@gibsondunn.com |
| | ALEXANDER K. MIRCHEFF, SBN 245074 |
| 3 |    AMircheff@gibsondunn.com |
| | 333 South Grand Avenue |
| 4 | Los Angeles, California  90071 |
| | Telephone:  213.229.7000 |
| 5 | Facsimile:    213.229.7520 |
| 6 | GIBSON, DUNN & CRUTCHER LLP |
| | ALLISON KOSTECKA, Admitted *Pro Hac Vice* |
| 7 |    akostecka@gibsondunn.com |
| | 1801 California Street, Suite 4200 |
| 8 | Denver, Colorado 80202 |
| | Telephone:  303.298.5700 |
| 9 | Facsimile:    303.298.5907 |
| 10 | GIBSON, DUNN & CRUTCHER LLP |
| | BRIAN YANG, SBN 328551 |
| 11 |    BYang2@gibsondunn.com |
| | 3161 Michelson Drive |
| 12 | Irvine, California  92612 |
| | Telephone:  949.451.3800 |
| 13 | Facsimile:    949.451.4220 |

14  *Attorneys for Defendants*
    *TATTOOED CHEF, INC., SALVATORE GALLETTI,*
15  *STEPHANIE DIECKMANN, EDWARD GELFAND,*
    *PAULA CIARAMITARO, MARIE QUINTERO-JOHNSON,*
16  *AND SARAH GALLETTI*

17                IN THE UNITED STATES DISTRICT COURT

18                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 19 | DINKO MIHAYLOV, JOHN HANCOCK, SHASHANK BAGUL, JOHN SPADARO, MUSTAPHA HOTAIT, and MARCO STARACE, Individually and on behalf of all others similarly situated, | CASE NO. 2:22-cv-09311-GW-E |
| 20 | | **NOTICE OF AUTOMATIC STAY AND SUGGESTION OF BANKRUPTCY FOR DEFENDANT TATTOOED CHEF, INC.** |
| 21 | | |
| 22 | | |
| 23 | Plaintiffs, | |
| | v. | |
| 24 | TATTOOED CHEF, INC., SALVATORE GALLETTI, STEPHANIE DIECKMANN, CHARLES F. CARGILE, EDWARD GELFAND, PAULA CIARAMITARO, MARIE QUINTERO-JOHNSON, SARAH GALLETTI, and BDO USA, LLP, | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | Defendants. | |

Gibson, Dunn &
Crutcher LLP

**PLEASE BE ADVISED** that on July 2, 2023, Tattooed Chef, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A copy of the voluntary Chapter 11 petition is attached hereto as Exhibit A.

**PLEASE BE FURTHER ADVISED** that as a result of the bankruptcy filing, any further action against any Debtor or the Debtors is stayed under section 362(a) of the Bankruptcy Code.

**PLEASE BE FURTHER ADVISED** that any action taken against the Debtors or their property without *first* obtaining relief from the automatic stay from the Bankruptcy Court may be subject to findings of contempt and the assessment by the Bankruptcy Court of penalties, fines, and/or sanction, as may be appropriate.

DATED: July 3, 2023

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Craig Varnen*
　　Craig Varnen
　　Alexander K. Mircheff
　　Allison K. Kostecka
　　Brian Yang

*Attorneys for Defendants TATTOOED CHEF, INC., SALVATORE GALLETTI, STEPHANIE DIECKMANN, EDWARD GELFAND, PAULA CIARAMITARO, MARIE QUINTERO-JOHNSON, AND SARAH GALLETTI*

# EXHIBIT A

7/02/23 3:17PM

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____  Chapter __11__

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | Tattooed Chef.Inc | |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 82-5457906 | |
| 4. | Debtor's address | **Principal place of business**<br><br>6305 Alondra Blvd<br>Paramount, CA 90723<br>Number, Street, City, State & ZIP Code<br><br>Los Angeles<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.tattooedchef.com | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: | |

7/02/23 3:17PM

Debtor **Tattooed Chef Inc**     Case number (*if known*)
     Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    1412

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | | |
|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

7/02/23 3:17PM

Debtor   **Tattooed Chef Inc**   Case number (*if known*)
         Name

10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?
    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list
    Debtor   **See attached**                           Relationship
    District                       When                  Case number, if known

11. Why is the case filed in *this district*?
    Check all that apply:
    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?
    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    Why does the property need immediate attention? (*Check all that apply.*)
    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard?
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other
    Where is the property?
                              Number, Street, City, State & ZIP Code
    Is the property insured?
    ☐ No
    ☐ Yes.  Insurance agency
            Contact name
            Phone

### Statistical and administrative information

13. Debtor's estimation of available funds
    Check one:
    ☐ Funds will be available for distribution to unsecured creditors.
    ■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. Estimated number of creditors
    ■ 1-49
    ☐ 50-99
    ☐ 100-199
    ☐ 200-999
    ☐ 1,000-5,000
    ☐ 5001-10,000
    ☐ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than 100,000

15. Estimated Assets
    ☐ $0 - $50,000
    ☐ $50,001 - $100,000
    ☐ $100,001 - $500,000
    ☐ $500,001 - $1 million
    ☐ $1,000,001 - $10 million
    ☐ $10,000,001 - $50 million
    ☐ $50,000,001 - $100 million
    ☐ $100,000,001 - $500 million
    ☐ $500,000,001 - $1 billion
    ■ $1,000,000,001 - $10 billion
    ☐ $10,000,000,001 - $50 billion
    ☐ More than $50 billion

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 3

7/02/23 3:17PM

Debtor  **Tattooed Chef Inc**                                        Case number (*if known*)
Name

16. **Estimated liabilities**
- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 4

| Pending Bankruptcy Cases of Affiliates | Petition Date | Location |
|---|---|---|
| New Mexico Food Distribution Inc. | 7/2/23 | Central District of California |
| Ittella International LLC | 7/2/23 | Central District of California |
| Itella's Chef LLC | 7/2/23 | Central District of California |
| Myjojo, Inc. | 7/2/23 | Central District of California |
| BCI Aquisition Inc. | 7/2/23 | Central District of California |
| Karsten Tortilla Factory, LLC | 7/2/23 | Central District of California |
| TTCF-NM Holdings, Inc. | 7/2/23 | Central District of California |

7/02/23 3:17PM

Debtor **Tattooed Chef Inc**      Case number (*if known*)
     Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    July 2, 2023
                MM / DD / YYYY

X _____     **Salvatore "Sam" Galletti**
    Signature of authorized representative of debtor     Printed name

Title    CEO

**18. Signature of attorney**

X _____     Date **July 2, 2023**
    Signature of attorney for debtor           MM / DD / YYYY

**David L. Neale 141225**
Printed name

**Levene, Neale, Bender, Yoo & Golubchik L.L.P**
Firm name

**2818 La Cienega Avenue**
**Los Angeles, CA 90034**
Number, Street, City, State & ZIP Code

Contact phone **(310) 229-1234**     Email address **dln@lnbyg.com**

**141225 CA**
Bar number and State

7/02/23 3:17PM

| Fill in this information to identify the case: |
|---|
| Debtor name **Tattooed Chef Inc** |
| United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) |

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule _____
■ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 2, 2023**      X _____
                                   Signature of individual signing on behalf of debtor

**Salvatore "Sam" Galletti**
Printed name

CEO
Position or relationship to debtor

7/02/23 3:17PM

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Tattooed Chef Inc |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| -NONE- | | | | | | |

7/02/23 3:17PM

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**David L. Neale 141225**<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>(310) 229-1234<br>California State Bar Number: 141225 CA<br>dln@lnbyg.com | FOR COURT USE ONLY |
|---|---|
| ☐ *Debtor(s) appearing without an attorney*<br>■ *Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>**Tattooed Chef Inc**<br><br>Debtor(s). | CASE NO.:<br>CHAPTER: 11 |
|---|---|
| | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br><br>[LBR 1007-1(a)] |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __1__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: July 2, 2023

Signature of Debtor 1

Date: _____

Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: July 2, 2023

Signature of Attorney for Debtor (if applicable)

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015

**F 1007-1.MAILING.LIST.VERIFICATION**

Tattooed Chef Inc
6305 Alondra Blvd
Paramount, CA 90723

David L. Neale
Levene, Neale, Bender, Yoo & Golubchik L.L.P
2818 La Cienega Avenue
Los Angeles, CA 90034

UMB
P.O. BOX 419226
MAILSTOP 1170103D
Kansas City, MO 64141-6226

# RESOLUTION OF THE BOARD OF DIRECTORS OF TATTOOED CHEF, INC.
## A DELAWARE CORPORATION
## AUTHORIZING FILING OF PETITION UNDER
## CHAPTER 11 OF THE BANKRUPTCY CODE AND TAKING OTHER ACTIONS

I, Stephanie Dieckmann, hereby certify as follows:

1. I am the Chief Financial Officer and Secretary of Tattooed Chef, Inc. (the "Company").

2. At a special meeting of the Company's board of directors, the following resolutions were duly enacted, and the same remain in full force and effect, without modification, as of the date hereof:

> **WHEREAS** the required members of the board of directors, the sole member, or other governing body, as applicable (each a "Governing Body"), of each of the entities listed in **Exhibit A** attached hereto (each, a "Company" and collectively, the "TC Companies"), do hereby consent to, adopt, and approve by written consent, in accordance with, as applicable, section 141(f) of the Delaware General Corporation Law, sections 18-302 and 18-404 of the Delaware Limited Liability Company Act, and any other applicable law concerning the governance of any Company, the following resolutions and each and every action affected thereby:
>
> **RESOLVED**, that Salvatore Galletti, Stephanie Dieckmann and/or his/her designee (in each instance, "Officer") are hereby authorized to determine, based upon subsequent events and advice of counsel, whether it is desirable and in the best interests of the TC Companies, their creditors, and other interested parties, that the TC Companies each file a petition under the provisions of Chapter 11 of Title 11, United States Code;
>
> **FURTHER RESOLVED**, that Officer is hereby authorized and directed on behalf of and in the name of each of the TC Companies to execute a Chapter 11 bankruptcy petition and all related documents and papers on behalf of each Company in order to enable each Company to commence a Chapter 11 bankruptcy case;

**FURTHER RESOLVED**, that Officer is hereby authorized and directed on behalf of and in the name of each Company to execute and file and to cause counsel for each Company to prepare with the assistance of each Company as appropriate all petitions, schedules, lists and other papers, documents and pleadings in connection with each Company's bankruptcy case, and to take any and all action which the Officer deems necessary and proper in connection with each Company's bankruptcy case without further approval of the members;

**FURTHER RESOLVED**, that each Governing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs the TC Companies to enter into that certain Agreement for Services (the "CRO Agreement") with Cutsheet Express, LLC ("CE"), an Illinois corporation, pursuant to which, among other things, CE has agreed to provide the services of Edward Bidanset to serve as the TC Companies' Chief Restructuring Officer ("CRO"), with compensation to be paid at the rate and upon the terms set forth in the CRO Agreement, and to empower CRO to perform the ordinary-course duties associated with that office, as well as to advise the TC Companies on matters relating to their debts, finances and liquidity, cash management and funding, business planning and restructuring strategy, the management of critical relationships and retention of experts, and such other duties as may be necessary or advisable in the course of the Chapter 11 cases;

**FURTHER RESOLVED**, Officer and/or CRO ("Authorized Person") is hereby authorized and empowered on behalf of the Company, to employ or continue to employ certain firms as counsel, consultants, professionals, or financial advisors to the such Company as such Authorized Person may deem advisable, appropriate, convenient, desirable, or necessary to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, that each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of such firms;

**FURTHER RESOLVED**, that each Governing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs each Authorized Person, in the name and on behalf of such Company, with power of delegation, to employ Levene, Neale, Bender, Yoo & Golubchik L.L.P. as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with its restructuring or recapitalization, and in connection therewith, that each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Levene, Neale, Bender, Yoo & Golubchik L.L.P. in accordance with applicable law;

**FURTHER RESOLVED**, each Authorized Person is hereby authorized and empowered on behalf of the TC Companies, to (a) enter into any agreements with respect to the TC Companies obtaining debtor in possession financing in amounts and subject to terms and conditions which, in the exercise of his/her sound business judgment such Authorized Person determines to be in the best interests of the TC Companies and their creditors; (b) pursue a sale of all or substantially all of the TC Companies' assets, or, in the exercise of such Authorized Person's reasonable business judgment, a sale of any portion of any Company's assets, that such Authorized Person believes to be in the best interests of any Company and its creditors (a "Sale Transaction"); and (c) enter into any agreements necessary or deemed by such Authorized Person to be appropriate in connection with any Sale Transaction;

**FURTHER RESOLVED** that any and all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions and done in the name of and on behalf of any Company, which would have been approved by the foregoing resolutions if these resolutions had been adopted before such acts were taken, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance;

**FURTHER RESOLVED** that that, in addition to the foregoing specific authorizations conferred upon the Authorized Persons, each Governing Body, with respect to its applicable Company, hereby authorizes and empowers each Authorized Person, in the name of and on behalf of such Company, with power of delegation, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay any and all such expenses, including but not limited to filing fees, as shall be deemed necessary, advisable, or desirable (in each case, in such Authorized Person's reasonable discretion) in order to carry out the full intent and accomplish the purposes of the resolutions adopted herein; and

**FURTHER RESOLVED** that each Governing Body, with respect to its applicable Company, has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice.

Dated: June 29, 2023

                        TATTOOED CHEF, INC.

                        *[signature]*

                        Stephanie Dieckmann
                        Its: Chief Financial Officer and Secretary

## United States Bankruptcy Court
### Central District of California

| In re:<br>Tattooed Chef Inc | CHAPTER NO.: 11 |
| --- | --- |
| | CASE NO.: 2:23−bk−14161−SK |

# CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.** You must cure the following within 14 days from filing of your petition:

☒ Corporate Ownership Statement as specified by LBR 1007−4
☒ Statement of Related Cases (LBR Form 1015−2) [Information required by LBR 1015−2]
☒ Disclosure of Compensation of Attorney for Debtor (Official Form 2030). [11 U.S.C. § 329; FRBP 2016(b)]

**B.** If you are a Small Business Debtor under a Subchapter V in a Chapter 11 case, within 7 days after the date of the filing of the petition, you must file the most recent:

1. Balance sheet
2. Statement of operations
3. Cash−flow statement
4. Federal tax return

OR

5. Statement made under penalty of perjury that no balance sheet, statement of operations, or cash−flow statement has been prepared and no Federal tax return has been filed. [11 U.S.C.§1116]

**The Revised Official Bankruptcy Forms are mandatory and are available at www.cacb.uscourts.gov/forms**

For all items above that are not electronically filed, you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002−1(c) and 5005−2, and Court Manual, section 2.5(a)(2).

      Chapter 11    Original and 2 Copies. 1 copy marked as "Judge's Copy."

**Please return the original or copy of this form with all required items to the following location:**

      255 E. Temple Street, Room 100, Los Angeles, CA 90012

If you have any questions, please contact the Court's Call Center at the toll free number (855) 460−9641.

Dated: <u>July 2, 2023</u>

For the Court
**Kathleen J. Campbell**
Clerk of Court

(Form ccdn − Rev 02/2020)    **1 /**

| | |
|---|---|
| | **United States Bankruptcy Court**<br>**Central District of California** |
| In re:<br>Tattooed Chef Inc | CHAPTER NO.: 11 |
| | CASE NO.: 2:23–bk–14161–SK |

# NOTICE OF CASE DEFICIENCY
## UNDER 11 U.S.C. § 521(a)(1) AND BANKRUPTCY RULE 1007

**To Debtor and Debtor's Attorney of Record,**

**Pursuant to F.R.B.P. 1007, you must file the following documents within 14 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so.**
  **Summary(Form 106Sum or 206Sum)**
  **Schd A/B(Form106A/B or 206A/B)**
  **Eq. Sec. Hold. List**
  **Schedule D (Form 106D or 206D)**
  **StmtFinAffairs(Form107 or 207)**
  **Schd E/F(Form106E/F or 206E/F)**
  **Schedule G (Form 106G or 206G)**
  **Schedule H (Form 106H or 206H)**

**The Revised Official Bankruptcy Forms are mandatory and are available at www.cacb.uscourts.gov/forms**

According to Bankruptcy Rule 1007(c), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)  File the required documents. If the document is filed electronically, no hard copy need to be submitted to the court. (See Local Bankruptcy Rule 5005–2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)  File and serve a motion for an order extending the time to file the required document(s).

**IF YOU DO NOT COMPLY**, in a timely manner with either of the above alternatives, your case may be the subject of an order to show cause to dismiss the case. Motion for extension of time to file schedules and other papers shall comply with Local Bankruptcy Rule 1007–1, and shall be supported by admissible evidence demonstrating cause for the requested extension.

Dated: July 2, 2023                                                    For the Court
                                                                       **Kathleen J. Campbell**
                                                                       Clerk of Court

Form def – Rev 01/2018                                                                                  **1 /**