**McDERMOTT WILL & EMERY LLP**
William P. Donovan, Jr. (SBN 155881)
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Jordan Kazlow (adm. *Pro Hac Vice*)
845 Texas Avenue, Suite 4000
Houston, TX 77002
Telephone: (713) 653-1700
Facsimile: (972) 232-3098

Attorneys for Defendant BDO USA, P.C.
(f/k/a BDO USA, LLP)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINKO MIHAYLOV, JOHN HANCOCK, SHASHANK BAGUL, JOHN SPADARO, MUSTAPHA HOTAIT, and MARCO STARACE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TATTOOED CHEF, INC., SALVATORE GALLETTI, STEPHANIE DIECKMANN, CHARLES F. CARGILE, EDWARD GELFAND, PAULA CIARAMITARO, MARIE QUINTERO-JOHNSON, SARAH GALLETTI, and BDO USA, P.C. (f/k/a BDO USA, LLP) <br><br> Defendants. | CASE NO. 2:22-cv-09311-GW-E <br><br> **DEFENDANT BDO USA, P.C.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> DATE:   June 9, 2025 <br><br> TIME:   8:30 A.M. <br><br> CTRM:   Courtroom 9D, 9th Floor <br>            350 West 1st Street <br>            Los Angeles, CA 90012 <br><br> JUDGE:  George H. Wu |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

BDO USA, P.C.'S REPLY
MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS

BDO USA, P.C. ("BDO") respectfully submits this Reply Brief in further support of its Motion to Dismiss ("Mot." or the "Motion") (Dkt. 127) and in response to Plaintiffs' Memorandum of Points and Authorities in Opposition ("Opp." or the "Opposition") (Dkt. 135).

The Opposition does not justify the SAC's filing as to BDO.  This Honorable Court's comprehensive ruling granting BDO's Motion to Dismiss the First Amended Complaint [Dkt. 64] (the "FAC") was unambiguous: the FAC fell "well-short" of mounting a securities fraud allegation against BDO and though the Court was "willing to afford Plaintiffs the opportunity to amend as to BDO" Plaintiffs did not need to "take the Court up on its largesse."  [Dkt. 122] Tentative Ruling (Dec. 12, 2024) (the "Order") at *7, 9; [Dkt. 123] Order on Motion to Dismiss (adopting tentative ruling). Plaintiffs not only re-pled their baseless claims against BDO but also *failed to make any substantive amendments*.  Plaintiffs added a single paragraph to the SAC intended to bolster their deficient claim against BDO: the allegations of Confidential Witness ("CW") #2 that "BDO knew during the Class Period that there were often many discrepancies between the amount billed on Tattooed Chef's invoices and the amount received, that Tattooed Chef offered many promotions to vendors for marketing its products, and that sometimes more than half the payment received could be deducted." SAC ¶ 113.  This small change is of no moment.  BDO's purported knowledge that sometimes the Company discounted its products does not come close to stating a claim for fraud.

The legal arguments in the Opposition take the same tack.  Plaintiffs re-urge the very same flawed arguments raised in their prior opposition motion and already rejected by the Court.  Remarkably, the Opposition fails even to reference the Court's ruling on the FAC.  Nor does the Opposition mention, let alone address, the critical *Tellabs* precedent on which the Court relied or the other pleading deficiencies highlighted in the Court's Order and left uncorrected in the SAC.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007).

- 1 -                               BDO USA, P.C.'S REPLY
                          MEMORANDUM IN SUPPORT OF ITS
                                    MOTION TO DISMISS

Simply stated, the SAC, like the FAC, plainly fails to allege with the requisite particularity any facts upon which the Court could find that BDO made any false or misleading statement or acted with scienter. The Opposition serves only to underline these fatal pleading defects. The SAC should now be dismissed with prejudice.

## I. The Opposition highlights the SAC's failure to meet the exacting standard for alleging auditor scienter.

Plaintiffs face a high burden for pleading scienter as to BDO: it is not sufficient "[t]hat an auditor *should have been* aware of certain information about [the audited company]." Order at *7 quoting *In re A-Power Energy Generation Sys. Ltd. Secs. Litig.*, No. MDL 11-2302-GW (CWx) 2012 WL 1983341 (C.D. Cal. May 31, 2021). To survive dismissal, Plaintiffs needed to allege with particularity "that BDO's 'accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that . . . no reasonable accountant would have made the same decisions if confronted with the same facts.'" *Id.* quoting *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 390 (9th Cir. 2002); *see also Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000) ("[T]he failure of a non-fiduciary accounting firm to identify problems with the defendant-company's internal controls and accounting practices does not constitute reckless conduct sufficient for § 10(b) liability").

Eschewing this well-settled standard, Plaintiffs assert, as they did in support of the FAC, that "[w]here accounting restatements were made or accounting rules are violated, courts have routinely found scienter on the part of company [] auditors." Opp. at 7. But the Court has already soundly rejected Plaintiffs' "*res ipsa loquitor*" argument. "The mere fact that financials have been restated is not, without more (especially with regard to satisfying the *Tellabs*-required examination), a basis to sufficiently state securities fraud violations against outside auditors." Order at *8 n. 3. The Opposition provides no basis for the Court to reconsider its holding and the SAC provides no facts that would warrant a different outcome on this Motion.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

Plaintiffs rely on the same inapposite cases cited in their previous opposition briefing, none of which support their novel proposition or even address allegations against an independent auditor.

In *In re WageWorks*, a Northern District of California court found that plaintiffs had adequately alleged scienter as to *the company and its management* based, in part, on statements made by the company's independent auditor that the company and its management had repeatedly withheld information from its auditors resulting in restatements. *In re WageWorks, Inc., Sec. Litig.*, No. 18-cv-01523-JSW, 2020 WL 2896547 at *7 (N.D. Cal. June 1, 2020). Likewise, in *In re Cirrus Logic*, a Northern District of California court denied summary judgment finding a triable issue of fact as to allegations against *the company and its management*, based in part, on allegations that the company had knowingly deviated from its own established internal accounting practices. *In re Cirrus Logic Sec. Litig.*, 946 F. Supp. 1446, 1463 (N.D. Cal. 1996) (recognizing that "[t]he mere publication of inaccurate accounting figures, or failure to follow GAAP, without more, does not establish scienter."). And in *Axesstel*, a Southern District of California court found that plaintiffs had sufficiently alleged scienter as to the issuer company and its current and former CEO and CFO based on allegations that, as *senior executives of the company*, the CEO and CFO must have either known the terms of key contracts or were reckless in not knowing those terms. *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 631525 at *8–9 (S.D. Cal. Feb. 13, 2015). None of these authorities provide any support for a claim against auditor BDO.

Again, following the same course as Plaintiffs' previous opposition briefing, the only other support that the Opposition identifies to try to bolster its scienter claim are the vague assertions of confidential witnesses. But with the exception of two newly-pled statements (only one of which even purports to relate to BDO), these allegations too have already been considered by the Court and rejected as indicative of scienter. The SAC only adds one new allegation as to BDO: that CW#2, a Tattooed Chef

DEFENDANT BDO USA, P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

employee in Accounts Receivable, provided unidentified "invoices and explanations to BDO" regarding unspecified "payments." From there, the Opposition concludes that "it is reasonable to infer that BDO knew that during the Class Period, there were often many discrepancies between the amount billed on TCI's invoices and amounts received, that TCI offered many promotions to vendors for marketing its products, and that sometimes more than half of the payments received could be deducted." Opp. at 7. Neither the SAC nor the Opposition draw any connection between these vague "discrepancies" and slotting fees, promotional expenses, or any supposedly improper accounting.

The Opposition additionally points to newly-alleged statements from CW#5. But the statements of CW#5 as pled in the SAC do not mention BDO or make any statement at all as to any knowledge BDO may or may not have had. The SAC alleges that CW#5 worked as a data analyst at the Company, that during his tenure there he observed data integrity issues, and that he reported those data integrity issues to Defendants Dieckmann and Galletti and that therefore "Defendants Dieckmann and Sam Galetti were well aware of the Company's data integrity issues and internal control deficiencies." SAC ¶¶ 168–69. As previously addressed by this Court and below, the mere knowledge of internal control deficiencies is not indicative of scienter. That others, unrelated to BDO, might have known of such deficiencies is even less so. Neither the statements of CW#2 nor CW#5 indicate that BDO's "accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that . . . no reasonable accountant would have made the same decisions if confronted with the same facts." *In re A-Power Energy Generation Sys. Ltd. Secs. Litig.*, 2012 WL 1983341 at *9; *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009) (to pass the PSLRA pleading requirements, when "a complaint rel[ies]on statements from confidential witnesses" the statements of that confidential witness "must themselves be indicative of scienter.").

DEFENDANT BDO USA, P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Otherwise, Plaintiffs re-allege that the statements of CW #1 show that BDO knew of internal control weaknesses and that therefore BDO "had actual knowledge" of the Company's purported accounting scheme. Opp. 5. There is no foundation for Plaintiffs' conclusion. Addressing the same allegation with respect to the FAC the Court noted that "Plaintiffs have not provided the Court with any authority—or accounting industry-guidance—indicating that it is impossible for an outside auditor to simultaneously find a company's internal controls deficient while concluding that consolidated financial statements 'present fairly, in all material respects, the financial position' of the company." Order at *9. The Opposition does not supply such authority. Plaintiffs likewise repeat their assertions that (1) CW #3 observed that the Company had liquidity problems in 2022 "when BDO was auditing the Company's books" and (2) that CW #4 observed an error in accounting for certain rebates (unrelated to the alleged fraud) which was corrected prior to filing. Opp. 6–7 (SAC ¶¶ 116, 119–120). The Court previously rejected both as having "nothing to do with [the] slotting fees/promotional expenses" that are the subject of Plaintiffs' complaint and therefore cannot "under *Tellabs*, lead the Court to a conclusion in Plaintiffs' favor as to BDO's alleged scienter." Order at *8.

The Court aptly summarized Plaintiffs' FAC allegations as to BDO in its Order: "BDO knew that TCI 'was paying significant slotting fees and in-store promotional costs to retailers,' that the company's '[m]arketing expenditures' would be 'primarily on product demonstration allowances, slotting fees . . . and other similar in-store marketing costs,' and that '*[s]ome* of these expenses' – without specifics as to which 'some' this referred to (meaning that the Court cannot see how it can credit Plaintiffs' assertion that 'BDO knew that the slotting fees and promotional expenses were required by GAAP to be classified as reductions to revenue, not as operational expenses') – would be categorized as net deductions to revenue instead of marketing expenses." Order at *8 (citing FAC ¶ 112). The additional allegations of CW#2 that BDO knew that sometimes the Company offered discounts to its vendors and CW#5

DEFENDANT BDO USA, P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

that *other* defendants were aware of purported internal control deficiencies add nothing to the analysis. The SAC, like the FAC, "at most speaks to a potential negligence charge against BDO, not securities fraud." Order at 9.[1] While BDO strenuously denies any wrongdoing with respect to the audit, the Court's holding is dispositive of the instant Motion.

Critically, the Opposition fails even to reference *Tellabs*, much less address Plaintiffs' "*Tellabs* problem." Order at 7 (citing *Tellabs*, 551 U.S. at 322). Plaintiffs have provided no compelling explanation as to why the "same auditor 1) that effectively kicked-off TCI's stock-price fall when it reported that the company's financial statements had to be restated and 2) had already opined that the company had internal control deficiencies" would nonetheless have "knowingly (or through deliberate recklessness) participated in a scheme to artificially boost the company's stock price." Order at *9. And neither the SAC nor the Opposition proffer any explanation as to why BDO would risk its reputation to take part in the supposed fraud or address the fact that BDO *declined to stand for re-election* long before the alleged fraud was "uncovered." *See A-Power Energy Gen. Sys. Sec. Litig.*, 2012 WL 1983341

---

[1]    Neither the SAC nor the Opposition resolve the question as to whether Plaintiffs believe that BDO is responsible for more than just the 2021 Audit Opinion. As the Court noted in its Order, this lack of clarity is "confirmation . . . that the [Complaint] does not state *each* alleged misstatement with the required particularity/specificity." Order at *9 n.7. Because only one statement is alleged with any specificity at all as to BDO, there is no need for the Court to consider whether it is necessary to "trim the securities fraud hedges." Opp. 9–10. Nonetheless, trimming claims to allow only those that are actionable to proceed is consistent with the requirement that securities fraud be pled with particularity as to *each* misstatement. § 78u-4(b)(1)–(3). The case law to which Plaintiffs point *supports* claim trimming. In *Zoom*, the court dismissed all but one of the plaintiffs' claims as insufficiently pled, trimming the claim to only the actionable misrepresentation. Opp. at 10 (citing *In re Zoom Sec. Litig.*, No. 20-cv-02353, 2022 WL 484974 at *5 (N.D. Cal. Feb. 16, 2022)). The *Mag Instrument* case cited in the Opposition is a patent case that does not speak to the issue at hand. *Id.* (citing *Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008)).

DEFENDANT BDO USA, P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

at *10 ("a large independent accountant will rarely, if ever, have any rational economic incentive to participate in its client's fraud.").

**II.      The Opposition fails to identify any adequate pleading that BDO's 2021 Audit Opinion was false or misleading when made.**

The Opposition's efforts to defend the SAC's pleading of falsity fare no better. Plaintiffs have not and cannot identify any particularized pleading of facts that, if true, would demonstrate that BDO's 2021 Audit Opinion was false or misleading when made. "To allege that an auditor opinion is a misrepresentation, a complaint must show that the statement in question is grounded on a specific factual premise that is false, and that the speaker did not 'genuinely or reasonably believe it.'" *Buttonwood Tree Value Partners, LP v. Sweeney*, 910 F. Supp. 2d 1199, 1208 (C.D. Cal. 2012). In other words, it is not sufficient to plead that the statement that the "consolidated statements present fairly, in all material respects, the financial position of the Company at December 31, 2021 and 2020" is objectively false. The SAC must plead *with particularity* a factual basis upon which the Court could find that the statements were subjectively disbelieved at BDO at the time they were made. *See* Mot. at 11 (citing *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 187 (2015)).

Plaintiffs' Opposition highlights the SAC's failure to plead any such basis. The Opposition points to the statements of CW #1 that BDO discovered internal control weaknesses at the Company to support the conclusion that BDO had "direct knowledge of the accounting scheme." Opp. 5. But, as discussed above, such conclusory allegations say nothing about the actual knowledge that BDO had or did not have or about the inquiry that it did or did not conduct and miss the mark for the same reason they fail to establish scienter. *See* Order at *9 n.7 (noting that allegations that BDO was aware of internal control weaknesses fail to establish falsity as well as scienter).

//

//

DEFENDANT BDO USA, P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**III.    The Opposition provides no basis for permitting leave to further amend the Complaint and should be dismissed with prejudice in its entirety as to BDO.**

The Opposition serves only to highlight that Plaintiffs' SAC fails to raise any allegations that would approach a cause of action against BDO.  In response to the serious deficiencies identified by the Court in its Order, Plaintiffs re-pled the same allegations against BDO *with no meaningful amendment*.  It is evident from the face of the SAC that further leave to amend is futile.  *See* Mot. at 12, (citing *Rintel v. Wathen*, 806 F. Supp. 1467, 1472 (C.D. Cal. 1992)) (dismissing securities fraud claims with prejudice where amended complaint "add[ed] nothing of substance to what was alleged in the two original complaints.").

Dated:  May 12, 2025

**MCDERMOTT WILL & EMERY LLP**


By:    /s/ *William P. Donovan, Jr.*

William P. Donovan, Jr. (SBN 155881)
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Jordan Kazlow (adm. *Pro Hac Vice*)
845 Texas Avenue, Suite 4000
Houston, TX 77002
Telephone: (713) 653-1700
Facsimile: (972) 232-3098

*Attorneys for Defendant BDO USA, P.C. (f/k/a BDO USA, LLP)*


### *Certificate of Compliance*

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record certifies that this brief contains 2,399 words, which complies with the word limit of L.R. 11-6.1.

/s/  *William P. Donovan, Jr.*