JS-6

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002

*Attorneys for Lead Plaintiffs JOHN HANCOCK, SHASHANK BAGUL, JOHN SPADARO, MUSTAPHA HOTAIT, and MARCO STARACE*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DINKO MIHAYLOV, JOHN HANCOCK, SHASHANK BAGUL, JOHN SPADARO, MUSTAPHA HOTAIT, and MARCO STARACE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TATTOOED CHEF, INC., SALVATORE GALLETTI, STEPHANIE DIECKMANN, and SARAH GALLETTI,

Defendants.

CASE NO. CV 22-9311-GW-Ex

**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Court is advised that the Parties, through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and hearing, to settle the Action upon the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 3, 2026 (the "Stipulation"), which was filed with the Court; and

WHEREAS, on May 26, 2026, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the Settlement, and approved the form and manner of notice to the Settlement Class of the Settlement, and said notice has been made, and the fairness hearing having been held; and

NOW, THEREFORE, based on the Stipulation and all of the filings, records and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable and adequate, and upon a Final Approval Hearing having been held after notice to the Settlement Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B. The parties have consented to the Court's jurisdiction for purposes of this settlement, and the Court has jurisdiction of the subject matter of this Action and over all members of the Settlement Class.

C. With respect to the Settlement Class, and solely for the purposes of this settlement, the Court finds that:

(i.) The parties have agreed for purposes of this settlement only that the members of the Settlement Class are so numerous that their joinder in the Action is impracticable;

(ii.) The parties have agreed for purposes of this settlement only that the Settlement Class is ascertainable because members of the Settlement Class share common characteristics that are sufficient for persons to determine whether they are members of the Settlement Class;

(iii.) There are questions of law and fact common to the Settlement Class. Those questions include whether the Defendants violated the Securities Act of 1934, whether any misstatements or omissions were material, and whether any misstatements or omissions caused harm to the members of the Settlement Class;

(iv.) The claims of the Plaintiffs are typical of the claims of the Settlement Class Members. Plaintiffs claim to have purchased or otherwise acquired the common stock of Tattooed Chef, Inc. ("Tattooed Chef") during the Class Period. Consequently, Plaintiffs claim that they and the other members of the Settlement Class sustained damages as a result of the same purported conduct by Defendants;

(v.) Lead Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members. Plaintiffs have no interests in conflict with absent members of the Settlement Class. The Court is satisfied that Plaintiffs' Counsel are qualified, experienced, and have represented the Settlement Class to the best of their abilities;

(vi.) The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members;

(vii.) A class action is the superior means of settling the Action.

D. The form, content, and method of dissemination of notice given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members

who could be identified through reasonable effort.

E. Notice, as given, complied with the requirements of California and federal law, satisfied the requirements of due process and constituted due and sufficient notice of the matters set forth herein.

F. The Settlement set forth in the Stipulation is fair, reasonable, and adequate.

(i.) The Settlement was vigorously negotiated at arm's length by Plaintiffs on behalf of the Settlement Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after: (a) a mediation conducted by an experienced mediator who was thoroughly familiar with this litigation; and (b) the exchange of detailed mediation statements prior to the mediation which highlighted the factual and legal issues in dispute. Accordingly, both the Plaintiffs and Defendants were well-positioned to evaluate the Settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

(ii.) If the Settlement had not been achieved, the Settlement Class faced the expense, risk, and uncertainty of extended litigation.

G. Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Class is defined in the Stipulation as: "all persons or entities who purchased or otherwise acquired shares of Tattooed Chef's common stock publicly traded on NASDAQ during the Settlement Class Period, and were allegedly damaged thereby." "Settlement Class Period" means the period from December 15, 2020 through November 28, 2022, inclusive. Excluded from the Settlement Class are (i) Defendants and their families; (ii) the officers and directors of the Company, at all relevant times; (iii) members of the immediate families of the individuals identified in "(i)" and "(ii)" and their legal representatives, heirs, successors or assigns; and (iv) any entity in which

Defendants have or had a controlling interest. Also excluded from the Settlement Class are those entities and individuals who timely and validly exclude themselves in accordance with the requirements set by the Court.

2. The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation. The Action and all the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3. All Released Defendants' Claims and Released Plaintiffs' Claims, as defined in the Stipulation, are released in accordance with, and as defined in, the Stipulation.

4. As provided in the Stipulation, upon the Effective Date, Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

5. As provided in the Stipulation, upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel and each and all of the Settlement Class Members from all Released Defendants' Claims.

6. All Settlement Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

7. All Settlement Class Members who have not properly submitted requests for exclusion (requests to opt out) from the Settlement Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

8. The requests for exclusion, if any, by the persons or entities identified in

Exhibit 1 to this Judgment are accepted by the Court.

9. All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein. To the extent that the terms of this Judgment conflict with the terms of the Stipulation, the Stipulation shall control.

10. Plaintiffs and all Settlement Class Members are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Plaintiffs' Claims against any of the Released Defendant Parties. Upon the Effective Date, any and all Persons and entities are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that person or entity is their actual or threatened liability to the Settlement Class or a Settlement Class Member in the Actions) based upon, relating to, arising out of, or in connection with the Released Plaintiffs' Claims, against each and every one of the Released Defendant Parties, whether arising under state, federal, common, statutory, administrative or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in the Federal Court, or in any other court, arbitration proceeding, administrative proceeding, or other forum; and the Released Defendant Parties are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Defendant Parties is their actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiffs' Claims, against any person or entity, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in the Federal Court, or in any other court, arbitration proceeding, administrative proceeding, or other

forum. Nothing herein shall bar, release, or alter, in any way, the contractual rights, if any, under the terms of any written agreement among the Defendants. Nothing herein shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Preliminary Approval Order, or the Judgment. Any final verdict or judgment obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to this bar order based upon, arising out of, relating to, or in connection with in any way in part or in whole any Released Plaintiffs' Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing or liability of the Defendants and the Released Defendant Parties; or (b) is or may be deemed to be, or may be used as a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants and the Released Defendant Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Plaintiffs were not valid in any civil, criminal or administrative proceeding. Defendants and the Released Defendant Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Pursuant to and in full compliance with federal law, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who

are Settlement Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Settlement Class Members to be heard with respect to the Plan of Allocation.

13. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") previously submitted to the Court and available on the Settlement website, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

14. The Court hereby awards Plaintiffs' Counsel attorneys' fees of $1,330,000, plus expenses in the amount of $157,999.62, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of the case and the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Settlement Class.

15. The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Plaintiffs' Counsel from the Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions and obligations are incorporated herein.

16. The Court hereby awards Plaintiff John Hancock $5,000, Plaintiff Shashank Bagul $5,000, Plaintiff John Spadaro $5,000, Plaintiff Mustapha Hotait $5,000, and Plaintiff Marco Starace $5,000 pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class.

17. In the event that the Stipulation is terminated in accordance with its terms: (i) this Judgment shall be rendered null and void and shall be vacated nunc pro tunc; and (ii) the Action shall proceed as provided in the Stipulation.

18. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

IT IS SO ORDERED.

DATED: September 4, 2026

HON. GEORGE H. WU,
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**<u>LIST OF SETTLEMENT CLASS MEMBERS EXCLUDED FROM THE SETTLEMENT</u>**

1. Mariia Petrova